IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                Plaintiff,                              ORDER

       v.                                        98-cr-114-bbc-01

CLINTON J. HARMON,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      A hearing on the probation office's petition for judicial review of Clinton J. Harmon's supervised release was held on January 13, 2010, before United States District Judge Barbara B. Crabb. The government appeared by Assistant United States Attorney John W. Vaudreuil. Defendant was present in person and by counsel, Kelly A. Welsh. Also present was United States Probation Officer Michael J. Nolan.

      From the record and from the parties' stipulation, I make the following findings of fact.

FACTS

      Defendant was sentenced in the Western District of Wisconsin on April 22, 1999, following his conviction for possession with intent to distribute a Schedule II controlled substance - cocaine base, in violation of 21 U.S.C. § 841(a)(1). This offense is a Class B felony. Defendant was committed to the custody of the Bureau of Prisons to serve a term

of 140 months' imprisonment followed by 36 months' of supervised release. Defendant's sentence was amended on June 7, 2000, to 120 months' custody followed by 36 months of supervised release.

On January 5, 2007, defendant began his term of supervised release. On October 28, 2009, he violated Standard Condition No. 1, which prohibits him from leaving the judicial district without permission of the court or his probation officer, when he traveled to Illinois without permission. On the same day, he also violated Standard Condition No. 9, which prohibits him from associating with any persons convicted of a felony, when he had contact with convicted felon David Wade Givhan. Defendant also violated Standard Condition No. 7 and Special Condition No. 2, which prohibit his use of illegal drugs, as evidenced by his positive urine specimens for marijuana on July 26, October 22 and November 8, 2009.

Defendant's conduct falls into the category of a Grade C violation. In addressing such violations, the court has the discretion to revoke supervised release, extend it or modify the conditions of release.

## CONCLUSIONS

Defendant's violations warrant revocation. Defendant's criminal history category is V. With a Grade C violation, defendant's advisory guideline term of imprisonment is 7 to 13 months. Under 18 U.S.C. § 3583(e)(3), the statutory maximum sentence of imprisonment upon revocation is 36 months because defendant's offense was a Class B felony.

After reviewing the non-binding policy statements of Chapter 7 of the Sentencing Guidelines, I have selected a sentence below the guideline range to hold defendant accountable for his violation and to protect the community.

ORDER

IT IS ORDERED that the period of supervised release imposed on defendant on June 7, 2000, is REVOKED and defendant is committed to the custody of the Bureau of Prisons for a term of two months, with no supervised release to follow.

Defendant does not have the financial means or earning capacity to pay the cost of his incarceration.

Defendant is neither a flight risk nor a danger to the community. Accordingly, the sentence of imprisonment is stayed until February 10, 2010, when defendant is to report between the hours of 12 noon and 2:00 p.m. to an institution to be designated by further court order. The conditions of his supervised release remain in effect until he reports.

Entered this 13th day of January 2010.

BY THE COURT:
/s/

BARBARA B. CRABB
Chief District Judge